Defendant Montalvo surrendered to the police on Oct












 

Opinion issued April
29, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01134-CR

———————————

Guillermo Montalvo, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 208th District
Court

Harris County, Texas



Trial Court Case No. 1242494

 



 

Dissenting and Concurring Opinion

          Appellant,
Guillermo Montalvo, surrendered to Houston Police Department officers on
October 17, 2009.  The following day,
pursuant to the District Court
Bail Schedule of the Harris County District Courts, the
Magistrate set bail at $50,000.[1]  On November 20, 2009, Montalvo filed an
original application for a writ of habeas corpus seeking to reduce the bond to
$5,000.  On December 10, 2009, the trial
court held a hearing on the writ during which counsel for the State requested
that the bond be increased to $200,000 and Montalvo asked the court to reduce
the bond to $20,000.  The trial court
increased the amount of the bond to $100,000.

     When the Magistrate
initially set the bond at $50,000, the following facts were all of record: (1)
Montalvo was a lifelong Houstonian with ties to the city that included parents,
siblings, and children; (2) Montalvo previously had a Harris County bond
revoked for failure to appear at a court setting for a prior misdemeanor; (3)
immediately subsequent to the alleged commission of the current offense,
Montalvo visited two small towns south of the Rio Grande River on the Texas
border; and (5) very soon thereafter he made arrangements with two different
Houston Police officers to return to Houston and voluntarily surrender himself.

          Article 17.09(3) of the Texas Code of
Criminal Procedure provides the parameters by which a defendant’s bond may be
changed and, in pertinent part, states that the judge or magistrate may set a
new bond “[w]hen the bond is defective, excessive or insufficient in amount, . . . or for any other good and sufficient cause. .
. .” Tex. Code Crim. Proc. Ann. art. 17.09(3)
(Vernon Supp. 2009).  The
purpose of a bond being the assurance of the defendant’s presence in court, the
original $50,000 bond could not be considered insufficient inasmuch as Montalvo had not and testified that he could not raise such a sum.  As the bond is now set at $100,000, the excessiveness
of the original bond is not before us. 
Moreover, the only new information gleaned from the hearing on the habeas
writ was Montalvo’s inability to make the original $50,000 bond and that the
police knew that he was not the one who stabbed the decedent.  As such, the record is devoid of “any other good and sufficient cause” to increase the bond and
I would hold that the trial court abused its discretion in doubling the
bond amount absent of such cause.

          I join the portion of the majority’s opinion
regarding Montalvo’s second point of error, which pertains to the
appointment/withdrawal of appointed counsel.  However, for the reasons set forth above, I
dissent to the portion of the majority’s opinion regarding Montalvo’s first
point of error.

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Justice Sharp, concurring
in part, dissenting in part.

Publish.  Tex. R. App. P. 47.2(b).












[1]           See
http://www.justex.net/BailBondSchedule.aspx.